

**FILED**

NOV 1 8 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

Michael Jayne
(Name of Plaintiff)
Shasta County Jail
(Address of Plaintiff)
1655 West St
Redding, Ca 96001

vs.

SHERIFF TOM BOSENKO, CAPTAIN DON VAN BUSKIRK, LIEUTENANT SHIELA ASHMUN, SGT. RENE MEEK, SGT. CARL CHAMPAGNE, SGT. NICKLAS ABERNATHY, SGT. MATTEW MITCHELL, C/O DALE MARLAR, C/O MILLS, C/O BRANDEN ROGERS, C/O TIMOTHY MASICK, SERVICE OFFICER JOSEPH BAKER, C/O JESSE PENLAND, C/O STEVEN HEYDE, C/O STEVEN MILLER, DEPUTY RANDY BINER, DEPUTY JOHN ZUFALL, SGT. JOSE GONZALEZ, SGT. MARTY VISER, GLOBAL TEL LINK INC, CDCR PAROLE AGENT RANDY ABNEY, DEPUTY DISTRICT ATTORNEY ERIC ANDERSON, DIRECTOR OF CFMG "JOHN DOE", CFMG INC, DR. CRAIG CFMG, JOHN DOES 1-5 OF CFMG, DR. STAN JOHNSON, "BARBARA" DIRECTOR OF SHASTA CO JAIL MEDICAL, MARY BARNES.
(Names of Defendants)

2:08-CV-2767 EFB
(Case Number)

COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR EMERGENCY INJUNCTION

### I. Previous Lawsuits:

A. Have you brought any other lawsuits while a prisoner:  ☑ Yes  ☐ No

B. If your answer to A is yes, how many?: ___/___ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff  Michael Jayne

Defendants  SHERIFF JIM POPE ET AL.

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983           Rev'd 5/99

# 1.



2. Court (if Federal Court, give name of District; if State Court, give name of County)

EASTERN DISTRICT OF CAL U.S DISTRICT COURT

3. Docket Number ~~LODES from~~ CIV-S-02-0418 WBS

4. Name of judge to whom case was assigned William B Shubb

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
JURY TRIAL

6. Approximate date of filing lawsuit    March 2002

7. Approximate date of disposition   March 2005

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?    ☒ Yes    ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?
☒ Yes    ☐ No
If your answer is no, explain why not _____

C. Is the grievance process completed?    ☒ Yes    ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant SHERIFF TOM BOSENKO is employed as SHERIFF OF SHASTA COUNTY at 1525 COURT ST REDDING, CA 96001

B. Additional defendants DON VAN BUSKIRK CAPTAIN OF SHASTA CO SHERIFF @ THE JAIL, SHELA ASHMUN LIETENANT AT THE SHASTA CO JAIL, RENE MEEK SGT AT THE SHASTA CO JAIL, CARL CHAMPAGNE SGT @ THE SHASTA CO JAIL, NICKLAS ABERNATHY SGT AT THE SHASTA CO JAIL, MATTEW MITCHELL SGT @ THE SHASTA CO JAIL, DALE MARLAR WATCH COMMANDER @ SHASTA CO JAIL, MILLIS CORRECTIONAL OFFICER @ THE SHASTA CO JAIL, BRANDEN ROGERS CORRECTIONAL OFFICER @ SHASTA CO JAIL, TIMOTHY HASICK CORRECTIONAL OFFICER AT THE SHASTA CO JAIL, JOSEPH BAKER SERVICE OFFICER @ SHASTA CO JAIL, JESSE PENLAND CORRECTIONAL OFFICER @ THE SHASTA CO JAIL, STEVEN HEYDE CORRECTIONAL OFFICER @ SHASTA CO JAIL, STEVEN MILLER CORRECTIONAL OFFICER @ THE SHASTA CO JAIL, RANDY JOINER DEPUTY @ THE SHASTA CO JAIL, JOHN ZUFALL DEPUTY @ THE SHASTA CO JAIL, JOSE GONZALEZ SGT FOR SHASTA CO SHERIFFS OFFICE, MARTY VISER TECHNICIAN FOR SHERIFFS OFFICE, GLOBAL TEL LINK INC, RANDY ABNEY CALIFORNIA DEPT OF CORRECTIONS PAROLE AGENT IN REDDING, ERIC ANDERSON DEPUTY DISTRICT ATTORNEY FOR SHASTA COUNTY, "JOHN DOE" DIRECTOR OF CALIFORNIA FORENSIC MEDICAL GROUP, CALIFORNIA FORENSIC MEDICAL GROUP INC, DR. CRAIG OF CALIFORNIA MEDICAL, JOHN DOES 1 THROUGH 5 OF CFMG, DR. STAN JOHNSON OF CFMG, MARY BARNES OF SHASTA CO SHERIFFS

2.

IV.   Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

STARTING IN OCTOBER 2007 THROUGH PRESENT DATE SHERIFF BOSENKO AND ALL DEFENDANTS HAVE RECORDED AND LISTENED TO PLAINTIFFS ATTORNEY PHONE CALLS, IN WHICH A SUPERIOR COURT JUDGE RULED THAT A 6TH AMENDMENT VIOLATION OCCURED. THE DISTRICT ATTORNEY AND ERIC ANDERSON AND RANDY ABNEY HAVE LISTENED TO THE PLAINTIFFS ATTORNEY PHONE CALLS AND USED THIS AS EVIDENCE AGAINST HIM TO FILE NEW CHARGES APRIL 2008. ALL DEFENDANTS ARE IN AND HAVE BEEN IN A ACTIVE CONSPIRACY TO VIOLATE PLAINTIFFS CIVIL RIGHTS AND HARASS AND TORTURE PLAINTIFF AT THE JAIL. FROM OCT 07 THROUGH PRESENT ALL DEFENDANTS HAVE USED A SAFETY ISOCATION CELL AS PUNISHMENT ON NUMEROUS OCCASIONS FOR UP TO 12 HOURS, FORCED SENSORY DEPRAVATION FROM OCT 2007 THROUGH PRESENT, NO NATURAL LIGHT COMING THROUGH JAIL WINDOWS, USING EXTREME METHODS OF PUNISHMENT 24 HR A-DAY LOCKDOWN EVERDAY FOR OVER 13 MONTHS of ONLY COMING OUT OF HIS CELL 30 MINUTES EVERY OTHER DAY, LT SHIELA ASHMUN HAS FORCED PLAINTIFF TO HAVE NO VISITATION WITH HIS FAMILY SINCE OCT 2007

(CONTINUED) —

V.   Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1) DEMAND FOR JURY TRIAL  2) PUNITIVE, DECLARATORY AND COMPENSATORY DAMAGES ACCORDING TO PROOF DETERMINED BY JURY  3) ATTORNEY FEES (COST IF COUNSEL OBTAINED)  4) EMERGENCY PRELIMINARY INJUNCTION OF ORDERING IMEDIATE HALTING OF FEEDING PLAINTIFF A DISCIPLINARY LOAF AND TO ORDER SHERIFF BOSENKO TO FEED PLAINTIFF LUNCH AND TO SEIZE USING FOOD AND DEPRAVATION AS DISCIPLINARY PUNISHMENT.
5) PRELIMINARY INJUNCTION OF ORDERING LT. ASHMUN AND

CONTINUED —

Signed this 14 day of November, 2008.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

Nov 14 2008
_____
(Date)

_____
(Signature of Plaintiff)

Ø 3.

STATEMENT OF CLAIM -

THROUGH PRESENT, CAUSING PLAINTIFF TO DIVORCE HIS WIFE, SUFFER SEVERE EMOTIONAL & PSYCHOLOGICAL DISTRESS - THE SHERIFF AND LT ASHMUN HAVE ENGAGED IN A SYSTEMATIC PATTERN OF CONSTANT TORTURE, HARASSMENT, ABUSE & VIOLATION OF PLAINTIFFS RIGHTS. FROM OCT 2008 THROUGH PRESENT AND UNTIL JANUARY 15, 2009 LT. ASHMUN HAS ORDERED MR. JAYNE TO BE FORCED TO EAT A DISCIPLINARY LOAF ONLY TWICE A-DAY AS PUNISHMENT FOR RULE VIOLATIONS. LT ASHMUN AND ALL DEFENDANTS HAVE ORDERED NOT TO FEED THE PLAINTIFF LUNCH AS PUNISHMENT. NO OTHER INMATE AT THE JAIL HAS EVER BEEN FED THE DISCIPLINARY DIET NOR IS IT RARELY USED IN ANY JAIL IN CALIFORNIA, LET ALONE FOR LONG TERM PUNISHMENT. SUCH AS 3 MONTHS AT A TIME CONTINUOUSLY.

FROM OCT 2007 THROUGH NOV-2008 AND BEYOND LT. ASHMUN AND CPT VAN BUSKIRK AND ALL DEFENDANTS HAVE COMPLETLY RESTRICTED JAYNES TELEPHONIC ACCESS TO HIS CRIMINAL ATTORNEYS BY FORCING HIM TO ONLY CALL WHEN HE GETS HIS 30 MINUTE TIME OUT EVERY OTHER DAY WHICH NORMALLY IS AT NIGHT, HE HAS NO CONTROL OF. BASED ON THIS HIS CRIMINAL DEFENSE HAS BEEN HAMPERED BASED ON VERY LIMITED ACCESS TO HIS CRIMINAL ATTORNEYS. THEY ARE FORCING THIS RESTRICTION AS APART OF DISCIPLINARY PUNISHMENT (LT ASHMUN OCT 2008 ORDERED JAYNE'S CLOTHES TO BE RESTRICTED FOREVER AS PUNISHMENT, WHERE HIS T-SHIRTS WERE TAKING AWAY TO TORTURE HIM AND PREVENT HIM FROM RECREATING EXCERCISING OUTSIDE IN INCLEMENT WEATHER WHERE HE WILL FREEZE WITH NO SHIRT.

4

April of 2008, LT Ashmun, Sgt. Meek, Sgt. Champagne, Sgt. Gonzalez, C/O Penland, C/O Heyde, Sgt Mitchell, Deputy Joiner, CPT Van Buskirk, all listened to including Randy Abney and Eric Anderson eavesdropping listening to recorded confidential attorney phone calls between Michael Jayne and Attorney Cindi Campbell and using evidence to punish plaintiff in a administrative write up and referal for criminal prosecution. At no time did plaintiff authorize this intrusion.

On appx August 2008 Deputy Jufall went into plaintiffs cell and stole all his family photographs and 2 books. This deputy since plaintiffs incarceration has verbally abused plaintiff on numerous occasions regarding his wife, child, making threats to him and saying he would be killed in prison, making plaintiff suffer severe mental distress, anxiety and suffering.

From mid 2008 through present LT Sheila Ashmun has restricted plaintiffs outgoing legal mail, delaying outgoing legal mail up to a month at a time maliciously. Forcing plaintiff to leave his legal mail to the courts open so she can read it. Disallowing Jayne to write public officials and individual judges refusing to pay for the postage for Jayne an indigent inmate.

From Sept 2007 through present Global Tel Link Inc and Sheriff Bosenko have engaged in secretly recording Jaynes attorney calls with any attorney including

(8) 5

HIS RETAINED CRIMINAL AND CIVIL ATTORNEY. ADDITIONALLY THE SHERIFF AND GLOBAL TEL LINK ENGAGE IN PRICE GOUGING THIS PLAINTIFF TO MAKE COLLECT CALLS TO HIS CIVIL COUNSEL AND FAMILY DENYING HIM TO PREPARE AND LITIGATE DEFENSE AND HAVE A HEALTHY WEEKLY TELEPHONIC ACCESS DENIED MAKING PLAINTIFF SUFFER EXTREME EMOTIONAL SUFFERING.

MARTY VISER, SGT CARL CHAMPAGNE, CPT VAN BUSKIRK, LT ASHMUN, SGT MEEK, RANDY ABNEY, ERIC ANDERSON, SGT MITCHELL, SGT GONZALEZ ON APRIL 2008 ALL ENGAGED IN A CONSPIRACY TO COVER UP AND ERASE ALL RECORDED CALLS THAT WERE ILLEGALLY RECORDED BETWEEN JAYNE AND HIS LAWYER.

ON MAY 2008 ERIC ANDERSON, LT. ASHMUN, CPT VAN BUSKIRK, CDCR PAROLE AGENT RANDY ABNEY ALL ENGAGED IN A CONSPIRACY TO PREVENT JAYNE TO HAVE ACCESS TO HIS CRIMINAL COUNSEL AND PREVENT HIS MOTION TO DISMISS HIS CRIMINAL CASE BEING HEARD IN FRONT OF HIS ASSIGNED JUDGE ANTHONY ANDERSON BY MALICIOUSLY TRANSFERRING HIM TO HIGH DESERT STATE PRISON FOR ALMOST 2 MONTHS WITH NO ACCESS TO HIS COUNSEL RESULTING IN YET ANOTHER POSTPONEMENT OF HIS CRIMINAL CHARGES.

FROM SEPT 2007 THROUGH PRESENT DATE OF COMPLAINT AND BEYOND MARY BARNES AS WELL AS ALL DEFENDANTS FAIL TO PROVIDE ADEQUATE MEDICAL AND MENTAL HEALTH CARE FOR PLAINTIFF PLAINTIFF SUFFERS

6

from chronic anxiety, including mood disorder and dep depression and intermitent explosive disorder in which he is normally prescribed "Ativan" a benzo diazapen. The Sheriff Tom Bosenko, Dr. Stan Johnson, Mary Barnes including all CFMG staff refuse to prescribe Jayne this medication to ease his suffering and medical needs. The sheriff and CFMG have a standing overall policy to not prescribe this type of medication to this plaintiff. This has resulted in up to 80 plus administrative write ups for various reasons for plaintiffs mental health issues that the sheriff as well as all defendants fail to care for or help.

From Sept 2007 through Nov 2008 Sheriff Bosenko and CPT Van Buskirk have implemented that all windows at the jail be covered including this plaintiff so he can not see out his window nor obtain any natural light in his cell creating sensory depravation, cultivating nothing less than torture in his solitary conditions.

From Sept 2007 through Nov 2008 Sheriff Bosenko and all the defendant jail staff force this plaintiff to keep a bright light on in his cell 24hrs a day creating an impossible effort to sleep thouroughly. The light has 2 settings high and low, however the low is so bright that

(8) 7

SLEEPING FOR 8 HOURS IS IMPOSSIBLE MAKING JAYNE SUFFER CRUEL & UNUSUAL PUNISHMENT CONSTANTLY.

FROM SEPT 2007 THROUGH NOV 2008 LT ASHMUN REFUSES TO ALLOW ALTERNATIVE MEANS OF COMMUNICATION TO JAYNES BLIND MOTHER WHO CANNOT VISUALLY READ LETTERS NOR WRITE LETTERS TO JAYNE, FURTHER THE ONLY WAY TO COMMUNICATE IS THROUGH TELEPHONIC ACCESS BY COLLECT CALLS, JAYNE ATTEMPTED TO REQUEST FREE NON COLLECT ACCESS CITING THE AMERICAN DISABILITIES ACT, LT ASHMUN MALICIOUSLY PERSONALLY DROVE OUT TO PLAINTIFFS MOTHERS HOUSE TO INVESTIGATE AND HARASS PLAINTIFFS MOM AND THEN WROTE A FALSE FRIVILOUS REPORT ON PLAINTIFF FOR HIS LEGITAMATE REQUEST. BASED ON THE EXTREMLY INFLATED COLLECT CALL RATE CHARGED BY GLOBAL TEL LINK IN CONJUNCTION WITH THE SHERIFFS CONTRACT, THIS PLAINTIFF SUFFERS EMOTIONAL DISTRESS DUE TO LIMITED COMMUNICATION TO HIS MOTHER AND FAMILY.

FROM MID 2008 THROUGH PRESENT BARBARA R·N MEDICAL DIRECTOR OF THE JAIL INCLUDING SHERIFF Ron BOSENKO HAVE BEEN MEDICALLY INDIFFERENT TO MICHAEL JAYNES MEDICAL NEEDS TO PAY FOR EYE EXAMINATION AND COST FOR EYE GLASSES TO SEE CLEARLY AS PLAINTIFFS VISION IS IMPAIRED GREATLY. THEY MALICIOUSLY MAKE HIM SUFFER.

(8) 8.

ON NOV 2008 C/O Brandon ROGERS PHYSICALLY ASSAULTED MICHAEL JAYNE BY PUSHING HIM AS WELL AS C/O JOHN CHURCH CAUSING JAYNE PAIN AND EMOTIONAL DISCOMFORT. AT THE SAME TIME C/O TIMOTHY MASICK AND MILLER WERE EXCESSIVELY VERBALLY ASSAULTIVE CHALLENGING PLAINTIFF TO ATTACK THEM AND FIGHT. JAYNE CONTINUES TO SUFFER EMOTIONAL AND PHYSICAL PAIN FROM THIS INCIDENT AS HE FEARS FOR HIS SAFETY.

FROM SEPT 2007 THROUGH NOV 2008 JAYNE HAS BEEN FED A MEAGER DIET WELL BELOW THE NATIONAL STANDARD OF A 2500-3000 CALORIE INTAKE RESULTING IN A UNHEALTHY, UNBALANCED DIET AND RAPID WEIGHT LOSS OF WEIGHING 162 POUNDS. HE IS 6 FEET EVEN AND HIS NORMAL WEIGHT IS 185 POUNDS. HE CONTINUES TO SUFFER PHYSICALLY FROM THIS.

FROM SEPT 2007 THROUGH NOV 2008 SHERIFF BOSENKO AND LT ASHMUN HAVE CONTINUED TO IMPLEMENT UNDERGROUND DRAKONIAN POLICIES AT THE SHASTA CO JAIL IN VIOLATION OF JAYNES CIVIL RIGHTS INCLUDING CHARGING THIS PLAINTIFF A OUTSTANDING BILL FOR INDIGENT SUPPLIES AND LEGAL SUPPLIES. HIS OUTSTANDING BILL IS SUBSTANTIVE.

9.

FROM SEPT 2007 THROUGH NOV 2008 SHERIFF BOSENKO HAS POSTED MICHAEL JAYNES PERSONAL INFORMATION BIRTHDATE VITAL STATISTICS AS WELL AS PHOTO AND CHARGES ON THE COUNTIES WEBSITE, WHICH UNFAIRLY SLANDERS PLAINTIFF, ASTROSIZING HIM IN HIS COMMUNITY, PRESENTING HIS PERSONAL DATA WITHOUT FULLY HAVING HIS CRIMINAL CHARGES BEING GIVEN FULL DUE PROCESS IN A COURT OF LAW AND WITHOUT HIS CONSENT, MAKING PLAINTIFF SUFFER IRREPARABLE HARM.

ALL DEFENDANTS HAVE VIOLATED PLAINTIFFS 4TH, 5TH, 6TH, 8TH and 14TH AMENDMENTS OF THE U.S CONSTITUTION RIGHT TO BE FREE FROM ILLEGAL SEIZURES, DUE PROCESS, CONFIDENTIAL ACCESS AS WELL AS UNLIMITED ACCESS TO COUNSEL, BEING FREE FROM CRUEL & UNUSUAL PUNISHMENT AND RIGHT TO PROPER HEALTH CARE.

FROM SEPT 2007 THROUGH PRESENT SHERIFF BOSENKO, CPT VAN BUSKIRK LT ASHMUN HAVE FORCED THIS INMATE TO WEAR JAIL JAP FLAPS DESIGNED FOR SHORT TERM USE WITH NO PADDING, COMPARABLE TO WALKING BARE FOOTED, CAUSING PLAINTIFF TO SUFFER LOWER BACK PAIN AS WELL AS HIS FEET CONSTANTLY ACHING. THE SHERIFF AND DEFENDANTS REFUSE TO PROVIDE SOFT SOLE SHOES THE JAIL MAKES AVAILABLE TO ITS INMATE WORKERS. ALL EVENTS OCCURED @ SHASTA CO JAIL

I declare under penalty of perjury the foregoing is true & correct
Dated: Nov-19,2008                                    [signature]

(10) 10

RELIEF V.

1. – SHERIFF ~~ASHER~~ BOSENKO FROM READING JAYNES LEGAL MAIL TO THE COURTS AND TO SEIZE FROM DELAYING HIS OUTGOING LEGAL MAIL, INCLUDING THE IMEDIATE PROCESSING OF HIS LEGAL MAIL;

6) PRELIMINARY INJUNCTION OF ORDERING SHERIFF BOSENKO TO PAY FOR ALL POSTAGE OF MICHAEL JAYNES OUTGOING LEGAL MAIL TO <u>ANY</u> ATTORNEY, COURT, JUDGE, ELECTED OFFICIAL AS LONG AS HE REMAINS INDIGENT;

7) PRELIMINARY INJUNCTION OF ORDERING SHERIFF BOSENKO TO ALLOW MICHAEL JAYNE OUT OF HIS CELL FOR 1 HOUR A DAY TO SHOWER, CALL HIS COUNSEL AS PRETRIAL DETAINEE, AND TO EXCERCISE AND TO ALLOW HIM TO COME OUT DURING THE TIMES OF 1:30 - 4:30 P.M WHEN COUNSEL CAN BE REACHED; AND ORDER OF PROVIDING JAYNE ALL HIS CLOTHES AND NOT TO RESTRICT OR USE CLOTHES FOR PUNISHMENT DEPRIVATION;

8) PRELIMINARY INJUNCTION OF ORDERING SHERIFF BOSENKO TO ALLOW MICHAEL JAYNE VISITATION WITH HIS FAMILY ACCORDING TO THE NORMAL PROCEDURES AND SCHEDULE AND NOT USE RESTRICTING VISITING AS DISCIPLINARY PUNISHMENT UNLESS VALID SECURITY INTEREST EXIST;

9) PRELIMINARY INJUNCTION ORDERING SHERIFF BOSENKO TO TAKE DOWN THE INMATE POSTING OF ALL INMATES INCLUDING THIS PLAINTIFF OF ALL HIS PERSONAL INFORMATION, INCLUDING PHOTO WITH CHARGES AS PRETRIAL DETAINEE;

10) IMPLEMENT PERMANANT INJUNCTIONS AND ADOPT THE PRELIMINARY ORDERS AS A WHOLE OR IN PART AS THE COURT DEEMS FIT

11) PRELIMINARY INJUNCTION OF THE SHERIFF PROVIDING EYE CARE TREATMENT, EXAMINATION PAYING COST OF EYE

RELIEF

1. GLASSES SO MICHAEL JAYNE CAN SEE CLEARLY;
2. 12) PRELIMINARY INJUNCTION ORDERING CFMG AND SHERIFF BOSENKO TO PROVIDE AND PROSCRIBE EXISTING MEDICATION/ANTI-ANXIETY/ MEDICATION ATIVAN TO MICHAEL JAYNE;
3. 13) PRELIMINARY INJUNCTION OF ORDERING SHERIFF BOSENKO TO NOT CHARGE JAYNE FOR INDIGENT LEGAL, BARE ESSENTIAL SUPPLIES IE; TOOTHPASTE, RAZORS, TOOTHBRUSH, PEN, AS A INDIGENT INMATE AND TO CLEAR ALL CHARGES OF SUCH AFTER 30 DAYS OF DATE OF CHARGE FROM HIS ACCOUNT, INSTEAD OF KEEPING A PROLONGED PERMANANT DEBT;
4. 14) PRELIMINARY INJUNCTION ORDERING A COURT APPOINTED RECIEVER TO MONITOR THE JAIL REGARDING THE DIET AND MAKE RECOMMENDATIONS AND HAVE THE POWER TO ORDER THE SHERIFF TO COMPLY WITH HIS MANDATES OF ORDERING A 2500-3000 CALORIC BALANCED DIET TO THIS PLAINTIFF AND ALL INMATES;
5. 15) ORDER SHERIFF BOSENKO TO PROVIDE SOFT SOLE SHOES AS PROVIDED TO INMATE WORKERS;
6. 16) ANY OTHER RELIEF THE COURT DEEMS PROPER;
7. 17) ORDER SHERIFF BOSENKO TO UNCOVER WINDOWS AT THE JAIL AND PLAINTIFFS WINDOW SO HE CAN SEE OUT HIS WINDOW AND NATURAL LIGHT;
8. 18) ORDER MORE AFFORABLE CONTRACTING OR ALLOWING INMATES TO BUY AND USE CALLING CARDS TO CALL ON INMATE PHONES;
9. 19) NEW ORDER TO IMEDIATELY HALT SHERIFF BOSENKO FROM RECORDING ANY ATTORNEYS PHONE CALL BY THIS INMATE;

# Confidential jail call heard

## Attorney: Cases compromised; official cites 'technical error'

By Ryan Sabalow (Contact)
Sunday, August 10, 2008

> Correction: Retired Shasta County Superior Court Judge Richard McEachen was misidentified in an earlier version of this story.

One day in March, 26-year-old Shasta County jail inmate Michael Aaron Jayne made what he thought was a confidential call to his attorney to talk about a pending case.

She wasn't there, so he left a message on her voice mail, court documents show.

What Jayne didn't know was that jail employees would later listen to the one-way conversation. His attorney claimed the recording was used as evidence to punish him, and the recorded message was used as the basis for a request to throw out a stalking and harassment case.

His jailers' discovery came courtesy of an automated electronic phone system that records inmate conversations -- one similar to automatic-recording systems in jails around the country.

The recording systems have been causing defense attorneys to worry about their constitutionally protected right to confidential conversations with their clients.

"A defense attorney can't do their job without the absolute trust of their client," said Cynthia Campbell, one of Jayne's Redding defense attorneys. "If their client believes that the government or law enforcement is listening in on those privileged - sacred - phone calls, then we won't be able to effectively communicate, and a valid and proper defense can't be had."

Local jail officials contend Jayne's case was merely a glitch in a system that since has been fixed. They contend they listened to the recording only because it wasn't made clear that Jayne had called an attorney's line.



Photo by Nathan Morgan / Record Searchlight

An unidentified inmate makes a phone call inside the Shasta County jail last week. In California, it's a felony to eavesdrop without permission on inmates' phone conversations with attorneys, doctors, psychologists or clergy.

STORY TOOLS
E-mail story
Comments
iPod friendly
Printer friendly
News alerts
Subscribe to the paper
Submit a news tip

📄 MORE LOCAL NEWS
More take home permits
Burnouts aim to block Iron Complex
Food containers left bare

"I don't want to say it was much ado about nothing," sheriff's Capt. Don Van Buskirk said. "But it was a technical error, and that's all it was."

SHARE THIS STORY [?]

Van Buskirk also maintains that the one-way conversation was never used to punish Jayne, and it was the only privileged call ever heard by jail employees.

In rejecting Jayne's request to have the case dismissed, a retired Shasta County Superior Court judge ruled that the recording violated Jayne's Sixth Amendment rights, but it wasn't intentional.

**A fundamental right**

Discussions between attorneys and their clients are among the most highly protected communications in the legal system.

In California, it's a felony for anyone to eavesdrop without permission on inmates' phone calls with attorneys, doctors, psychologists and clergy.

But in the past two years, privileged conversations between inmates and lawyers have been recorded in San Diego, Alameda, Santa Clara and Riverside counties in California, as well as Broward County, Fla.; Lansing, Mich.; and Dallas.

Jail systems have long recorded inmate calls to screen for illegal behavior or investigate crimes. But before automated systems were introduced two decades ago, deputies could switch off the tape if an inmate called a lawyer.

Newer digital systems automatically turn off the recorder if an inmate dials a number included in a database compiled by authorities, who typically rely on directories published by local bar associations to identify lawyers.

That means calls may be improperly recorded if the databases are incomplete or out of date.

At the Shasta County jail, all calls to anyone but attorneys are recorded, Van Buskirk said.

To ensure confidentiality, a defense attorney must notify jail officials in advance that they will be receiving calls from inmates. He said those calls are confidential and don't cost money to dial.

But calls to doctors, clergy and psychologists are treated no differently from any other call and recorded, Van Buskirk said.

The recordings are hardly secret, he said. A message warns inmates and those they call collect that their conversations may be recorded and monitored.

If someone doesn't want their call recorded, all they have to do is hang up, Van Buskirk said.

Similar messages are played to inmate callers around the country, but many defense attorneys believe that the warnings don't do enough to prevent abuse by jailers.

Inadvertent invasion

In Jayne's case, there was a mix-up between the jail employees and Campbell that made her number appear no different from any other outgoing call, court documents show.

Campbell contends she asked jail officials in early March to put her new phone number on the jail's confidential attorney list.

Jail officials have no record of her making the request and, when pressed, Campbell has been unclear on whom she called or spoke to, Van Buskirk said.

Regardless, retired Superior Court Judge Richard McEachen agreed at a hearing in July that jail officials violated Jayne's Sixth Amendment rights to have confidential conversations with his attorney.

But, he said, the intrusion was inadvertent, according to court transcripts of the hearing.

"I have no evidence that the district attorney's office received this information and have used it or exploited it," McEachen said, according to the transcripts.

Shasta County Assistant Public Defender Tim Pappas argued at the hearing that Jayne had no idea his call was being recorded, and wouldn't have left a message allegedly confessing to violating a restraining order had he known.

Like Campbell, he said he's concerned that the jail's recording system is dangerous to the fundamental right to attorney-client privilege, regardless of whether there's a message warning that jailers may listen in.

"When it comes to the Constitution, you can't take shortcuts," he said.

Such automated call-recording systems have also been causing legal troubles elsewhere.

In 2006, the U.S. attorney's office in San Francisco dropped gun-possession charges against a man after a prosecutor acknowledged listening to just 35 seconds of a recorded call the defendant placed to his attorney from a jail in Oakland.

In Broward County, Fla., the sheriff's department recently settled a class-action lawsuit filed after at least two inmates found their protected calls were inadvertently uploaded during a two-week test of a new $18 million recording system in 2006.

Pappas said Jayne was considering filing civil rights complaint in federal court.

Other breaches?

Pappas argued during the hearing that calls Jayne had made to Campbell may have been recorded for almost a month. He said he was concerned prosecutors might have been privy to them before the glitch was fixed.

Officials at the jail and the district attorney's office at the hearing adamantly denied any such breaches.

The hearing included sworn testimony from several jail employees, who said that they listened to the recording of Jayne's message to Campbell during an internal discipline investigation.

Officials at the jail say Jayne, who's accused of stalking and threatening to kill his ex-wife, among other charges, violated a restraining order by calling her at least 60 times using jail phones.

Because he violated his restraining order, Jayne was moved out of the jail's main population into a section segregated for troublesome inmates, court documents show.

Jayne was described by jailers during the hearing as a habitual troublemaker and complainer.

Jail staff members said the conversation with Campbell was revealed during their research into Jayne's other calls. And Van Buskirk said the call was never used to punish him.

Jailers found plenty of other nonconfidential calls to her for that, he said.

When Jayne learned during the investigation that his call to his attorney had been recorded, he notified Campbell and filed a complaint.

After the issue came to light at a bail hearing, the jail added Campbell's number to the confidential list, Pappas said.

But in doing so, the computer system automatically deleted all recordings made from Campbell's line, leaving her with no idea how many times her calls to clients might have been overheard.

"There's no way to see who listened to it or had access to it," Pappas said. "It just got cut off."

At the hearing, Campbell testified she received as many as 20 calls from the jail during the period when her number wasn't on the list. She testified the conversations included detailed conversations about defense strategy.

Campbell said she's considering following Pappas' lead and requesting the cases in which she's defending Jayne be dropped. She said she's not willing to say whether she'll do same with any other clients.

She said she doesn't buy the argument from jailers that the intrusion was unintentional.

"They knew it was going to an attorney," she said. "They did put me on list; they just happened to listen to all the calls when I was on the list."

Reporter Ryan Sabalow can be reached at 225-8344 or at rsabalow@redding.com.