# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE, | Case No. 2:08-cv-2767-MSB |
| Plaintiff, | |
| vs. | **ORDER** |
| TOM BOSENKO, *et al.*, | |
| Defendants. | |

Michael Aaron Jayne, who is confined in the Shasta County Jail in Redding, California, has filed a *pro se* complaint under 42 U.S.C. § 1983. (Dkt. # 1). Currently pending the Court is Jayne's Motion to Appoint Counsel. (Dkt. # 67). For the following reasons, the Court denies Jayne's motion.

Section 1915(e) of Title 28 of the U.S. Code provides the Court the discretion to appoint counsel to an indigent party in a civil action. However, the Ninth Circuit has advised that such motions should be granted "only in exceptional circumstances." *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1976). Factors the Court may consider in making this assessment include "the likelihood of success on the merits and the ability of the petitioner to articulate [his] claims *pro se* in light of the complexity of the legal issues involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

1  Jayne argues that the Court should appoint counsel because the Shasta County Defendants have "block[ed] [his] access to this Court" by denying him access to the law library; prohibiting him from making copies of his motions; "harass [him] and scatter[ing] [his] legal work"; limiting his ability to "contact witnesses on the telephone"; and preventing him from "prepar[ing] the proper motions to litigate [this case]." (Dkt. # 67, at 1–2).

To date, Jayne has filed six motions for preliminary injunctions, four motions to compel, a motion stipulating to a protective order, a motion for default judgment, and responses and replies to Defendants' filings. In light of these voluminous filings, the Court does not find credible Jayne's claims that he is being "block[ed]" from litigating this case *pro se*. Moreover, Jayne's claims are not so complex that he is unable to articulate them, as is amply evidenced by his filings. Finally, Jayne has made no showing regarding the likelihood that he will succeed on the merits. Accordingly, the Court finds that Jayne has not shown the "exceptional circumstances" that warrant appointment of counsel. *McQuade*, 579 F.2d at 1181; *see also Richards*, 864 F.2d at 87.

**Accordingly, IT IS HEREBY ORDERED** that:

Plaintiff's Motion to Appoint Counsel (Dkt. # 67) is **DENIED.**

DATED this 24th day of November, 2010.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation