# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE, | Case No. 2:08-cv-2767-MSB |
| Plaintiff, | |
| vs. | **ORDER** |
| TOM BOSENKO, *et al.*, | |
| Defendants. | |

Michael Aaron Jayne, who is confined in the Shasta County Jail in Redding, California, has filed a *pro se* complaint under 42 U.S.C. § 1983. (Dkt. # 1). Currently before the Court are Jayne's four motions to compel (Dkt. #s 56, 58, 65, and 74) and Jayne's motion stipulating to a protective order. (Dkt. # 57). Defendants Anderson, Ashman, Bosenko, Champagne, Gonzalez, Heyde, Joiner, Meek, Mitchell, Penland, and Van Buskirk ("Shasta County Defendants") responded to the motions (Dkt. #s 60, 62, 63, and 68); Defendant Abney opposed the motion stipulating to a protective order. (Dkt. # 61). Jayne replied to the Shasta County Defendants' responses on November 12, 2010. (Dkt. # 75). For the following reasons, the Court denies Jayne's motions to compel, denies the motion for a protective order, but orders the Shasta County Defendants to provide the Court with a copy of the prison's training manual for *in camera* review.

## I. Background

Jayne filed this civil rights complaint on November 18, 2008. (Dkt. # 1). He alleges that Defendants have engaged in "an active conspiracy to violate Plaintiff's civil rights and to harass and torture Plaintiff" when he was housed at the Shasta County Jail as a pretrial detainee. (*Id.*, at 3). On November 23, 2009, the Court screened Jayne's complaint and ordered Defendants to answer. (Dkt. # 19). The Defendants answered on June 11, 2010 and July 7, 2010. (Dkt. #s 31, 33, and 39).

## II. Discussion

The scope of federal discovery is generally broad. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and, for good cause, the Court may "order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). Any discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Any party from whom discovery is sought may move for a protective order if good faith attempts to resolve discovery disputes with opposing parties fail. FED. R. CIV. P. 26(c)(1).

### A. Jayne's First Motion to Compel (Dkt. # 56)

In his first motion to compel, Jayne requests a "discovery order" based on the Shasta County Defendants' "failure to disclose pursuant to F.R.C.P. 26(a)." (Dkt. # 56, at 1). Defendants oppose the motion by pointing out that they complied with the Court's Rule 16 Scheduling and Discovery Order (Dkt. # 42) and timely filed their initial disclosures on July 28, 2010. (Dkt. # 60, at 1–2; *see also* Dkt. # 53). In his second motion to compel, Jayne acknowledges that Defendants did make some initial disclosures. (Dkt. # 58, at 1).

The Shasta County Defendants have shown that they complied with the Court's Rule 16 Scheduling and Discovery Order and timely filed their initial disclosures as required by Rule 26(a). (Dkt. # 53). Accordingly, the Court denied Jayne's first motion to compel.

**B. Jayne's Second and Third Motions to Compel (Dkt. #s 58 and 65)**

In his second motion to compel, Jayne requests the Court to order the Shasta County Defendants to make the following productions:

1. The results and records of the "Internal Affairs investigation" concerning the Defendants' alleged recording of Jayne's phone calls with his attorney. (Dkt. # 58, 2–4).
2. The Shasta County Jail training manual. (*Id.* at 4–5).
3. Personnel files of each Defendant. (*Id.* at 5).
4. The Shasta County District Attorney's Office's files in Jayne's criminal case. (*Id.* at 6).
5. A seven or thirty-day menu describing inmate food, (*Id.* at 7–8), and a document recording the calories of every meal served to Jayne during August, 2010. (*Id.* at 9–10).
6. Results and records of an investigation concerning a non-defendant officer's conduct in July 2010. (*Id.* at 8–9).
7. Copies of all of the videotapes from the Shasta County Jail's 24-hour video surveillance of Jayne's cell. (*Id.* at 9).
8. Any agreement or formal contract with Global Tel Link ("GTL") regarding jail phone service. (*Id.* at 10–11).

Jayne's Third Motion to Compel merely reiterates his request for the results of the investigation concerning the Defendants' alleged recording of his attorney phone calls. (Dkt. # 65, at 1–3). His Fourth Motion to Compel only states that the Shasta County Defendants "have failed to comply with [Jayne's] request[s] [for production]." (Dkt. # 74, at 1).

<u>Request for Production # 1: Results of the Recorded Calls Investigation</u>

Jayne, dissatisfied with the Defendants' initial disclosures concerning the jail's investigation into the recording of his attorney phone calls, moves to compel production of documents the Shasta County Defendants assert—based on affidavits from jail staff—do not exist. Specifically, Jayne seeks: (1) "full detailed reports of each witness," or, alternatively, transcriptions of the interviews; (2) the "full authored report" of an interview with Defendant Abney; (3) the "computer logs of what [telephone] numbers were recorded and downloaded to a CD" and provided to

1   Defendant Abney; and (3) "the printed log of the 11 calls of [Jayne's] attorney phone
2   calls that were recorded." (Dkt. # 58, at 2–4).

3   First, the Shasta County Defendants state that they provided Jayne with copies
4   of all of the reports made in connection with the investigation, and that transcriptions
5   of any witness interviews are impossible because none of them were recorded. (Dkt.
6   # 63, at 3; *id.*, Kent Decl., at 2). Second, Defendants state that the investigation did
7   not produce a "full authored report" concerning an interview with Defendant Abney.
8   (*Id.*). Third, Defendants state that the "computer logs" of telephone numbers placed
9   on a compact disc for Defendant Abney never existed. (*Id.*). Finally, though
10  Defendants recognize that a "printed log of the 11 calls of [Jayne's] attorney phone
11  calls that were recorded" could be prepared, it never was and does not presently exist.
12  (*Id.*).

13  Jayne nevertheless insists that these documents and tape recordings exist and
14  accuses the Shasta County Defendants of "arrogantly making vague denials of the
15  existence of material evidence." (Dkt. # 75, at 1–3). He does not include any
16  evidence to support his insistence that the "material evidence" actually exists. If
17  Jayne can produce evidence beyond his "personal knowledge" that this evidence
18  exists, he may renew his motion. In the meantime, the Court suggests that Jayne
19  propound interrogatories on the individuals involved in the interviews to obtain the
20  information he seeks.

21  Because Defendants provided Jayne with all of the relevant material in their
22  possession and the material Jayne seeks does not exist, the Court denies this portion
23  of Jayne's second motion to compel and denies Jayne's third and fourth motion to
24  compel.

25  <u>Request for Production # 2: The Shasta County Jail Training Manual</u>

26  Jayne requests production of the "Shasta County Jail staff training manual that
27  is voluminous and used to train **all** new correctional staff at the jail." (Req. for Prod.,
28  # 3) (emphasis in original). The Shasta County Defendants object, arguing that

- 4 -

1  providing Jayne with a copy of the training manual greatly undermines jail security.
2  (Dkt. # 63, at 4).  Defendant Van Buskirk declares that "it would be a significant
3  danger and a detriment to the safe and secure and efficient operation of the Shasta
4  County Jail to provide inmate Michael Jayne with a copy of the jail training manual"
5  because Jayne could use the information to "interfere" with jail security.  (*Id.*, Van
6  Buskirk Decl., at 2–3).  In response, Jayne slightly modifies his request, asking only
7  for "section 8 or other sections concerning attorney phone calls that have not been
8  produced that are material to his claims of his attorney client phone calls being
9  egregiously recorded."  (Dkt. # 75, at 5).

10  The Court agrees that providing inmates with a copy of the jail's training
11  manual can negatively impact jail safety and security.  However, Jayne is correct that
12  the jail training manual is "relevant to [his] claim," Fed. R. Civ. P. 26, that jail staff
13  mistreated him during his 2008 stint as a pretrial detainee.  Accordingly, the Court
14  denies this portion of Jayne's second motion to compel, but directs Defendants to
15  provide a sealed copy of the pertinent portions of the training manual to the Court for
16  *in camera* review.

17  <u>Request for Production # 3: Defendants' Personnel Files</u>

18  Jayne requests "the personnel files of each Defendant." (Dkt. # 58, at 5).  The
19  Shasta County Defendants object that this material is irrelevant and "protected by the
20  right to privacy." (Dkt. # 63, at 4).  Defendant Abney makes the same argument.
21  (Dkt. # 61, at 4–5).

22  The Court agrees that Jayne has failed to show that the personnel files are
23  relevant and should be discoverable despite the Defendants' right to privacy.  Indeed,
24  Jayne has failed to articulate any particular reason for wanting any particular portion
25  of any particular individual's personnel file — much less the entire file of each of the
26  16 individuals he named.  The Court simply cannot evaluate the potential benefit to
27  Jayne's case that the personnel files might provide, and therefore Jayne has not
28  demonstrated that the benefit of this proposed discovery would outweigh its burden

to Defendants. *See* Fed. R. Civ. P. 26(c)(iii).  Accordingly, the Court denies this portion of Jayne's second motion to compel.

<u>Request for Production # 4:  The District Attorney's Files</u>

Jayne requests the Court to compel the Shasta County Defendants' attorney to direct the Shasta County District Attorney's Office to produce documents related to Jayne's criminal case, a request based on Jayne's belief that the documents are "within [his] possession."  (Dkt. # 58, at 6–7).  Jayne has not shown how the prosecution's files in his criminal case relate to his claims concerning his confinement at Shasta County Jail as a pretrial detainee.  Simply put, the Shasta County District Attorney's work product is not relevant to this litigation.  Accordingly, the Court denies this portion of Jayne's second motion to compel.

<u>Request for Production # 5: Menu and Calorie Count</u>

Jayne sought production of a seven-day menu of the jail's food; the Shasta County Defendants provided Jayne with the menu for one day.  (Dkt. # 58, at 7).  Jayne now moves to compel production of a thirty-day menu, (*Id.* at 8), as well as a calorie count for every meal served to him in August 2010 (*id.* at 9–10).  The Shasta County Defendants state that provided Jayne with sufficient documents to fulfill his request for a menu, and that the specific calorie counts he requests do not exist.  (Dkt. # 63, at 6–7).  Jayne responds that he has not received sufficient information and alleges that the Defendants' assertion that the meals are reviewed by a dietician "cannot overcome summary judgment or the FRCP standards of [Jayne's] request for production of documents."  (Dkt. # 75, at 5–6).

Even if the documents Jayne seeks did exist, they are outside the scope of his complaint.  Although Jayne did state a claim for insufficient food (Dkt. # 19, at 9), that claim only concerned his allegation that the Shasta County Defendants forced him to eat "disciplinary loaf" for more than a month.  (*See id.*; Dkt. # 1, at 4).  Jayne's current request for production does not mention the disciplinary loaf, but requests a *current* menu of the food served generally to inmates.  (*See* Req. for Prod., at 5–6).

- 6 -

Further, Jayne requests calorie counts for food served to him in August 2010—almost two years after the relevant time period of the claim in his complaint. These requests, therefore, are outside the scope of this action. Accordingly, the Court denies this portion of Jayne's second motion to compel.

<u>Requests for Production #s 6–8: 2010 Investigation Results, Video Surveillance Tapes and Phone Service Contracts</u>

Jayne's requests for production concerning a non-defendant officer's conduct in 2010, video surveillance, and phone service contracts between the Shasta County Jail and GTL are beyond the scope of Jayne's complaint and this action. Jayne's complaint only concerns events that transpired in 2008, when Jayne was held at Shasta County Jail as a pretrial detainee. (Dkt. # 1; Dkt. # 19). Further, after the Court screened Jayne's complaint pursuant to 28 U.S.C. § 1915A(a), it dismissed Jayne's "price-gouging claim" concerning GTL's phone service and limited his monitoring claim to the audio recording of his attorney phone calls. (Dkt. # 19, at 14–16). Accordingly, the Court denies these portions of Jayne's second motion to compel.

### C. **Jayne's Motion for a Protective Order**

Jayne requests a protective order to alleviate Defendants' concerns about potential disclosure of the personal information in the personnel files requested by Jayne. (Dkt. # 57, at 1). Even if Jayne's motion were valid, the Court does not compel Defendants to produce the personnel files requested by Jayne. Accordingly, the Court denies Jayne's motion for a protective order.

**Accordingly, IT IS HEREBY ORDERED** that:

**1.** Plaintiff's first motion to compel (Dkt. # 56) is **DENIED.**

**2.** Plaintiff's second motion to compel (Dkt. # 58) is **DENIED.**

**3.** Plaintiff's third motion to compel (Dkt. # 65) is **DENIED.**

**4.** Plaintiff's fourth motion to compel (Dkt. # 74) is **DENIED.**

**5.** Plaintiff's motion for a protective order (Dkt. # 57) is **DENIED**.

**6.** The Shasta County Defendants shall submit a copy of the jail's training manual to the Court for *in camera* review no later than 14 days from the date of this order.

DATED this 24th day of November, 2010.

/s/ Marsha S. Berzon

MARSHA S. BERZON
United States Circuit Judge, sitting by designation