# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL AARON JAYNE, | ) | Case No. 2:08-cv-2767-MSB |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| TOM BOSENKO, *et al.*, | ) | |
| Defendants. | ) | |

Michael Aaron Jayne, who is confined in the Shasta County Jail in Redding, California, filed a *pro se* complaint under 42 U.S.C. § 1983. (Dkt. # 1). Jayne alleges that Shasta County Defendants have engaged in "an active conspiracy to violate [his] civil rights and to harass and torture" him while he was housed at the Shasta County Jail as a pretrial detainee. (Dkt. #1 at 3). This order responds to several motions filed by Mr. Jayne: (1) Jayne's two motions for an extension of time to respond to Defendants' motions for summary judgment (Dkts. #98 & 102); (2) Jayne's motions to dismiss Defendants and toll the statute of limitations (Dkts. #84 & 95); (3) and Jayne's motion to compel discovery of Randy Abney's handwritten statement (Dkt. #104).

**I.  Jayne's Motions for an Extension of Time to Respond to Defendants' Motions for Summary Judgment (Dkts. #98, 102 & 109)**

All Defendants in this action except Randy Abney have filed motions for summary judgment. (Dkts. #90 & 95). Jayne has filed two motions for an extension

1  of time to respond to the Defendants' motions for summary judgment. (Dkts. #98,
2  102 & 109). In light of Jayne's *pro se* status, the Court will grant Jayne an extension
3  until **May 20, 2011** to respond to Defendants' motions for summary judgment. *See*
4  *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) ("[W]e have consistently held
5  that procedural requirements should be more liberally construed for *pro se* litigants.").
6  The Court is extremely unlikely to grant future extensions of this deadline.

7  **II.   Jayne's Motions to Dismiss Defendants and Toll the Statute of Limitations**
8  **(Dkts. #84 & 95)**

9  Jayne filed two motions to dismiss certain claims and stay the statute of
10 limitations. (Dkts. #84 & 95). The first motion sought to dismiss without prejudice
11 Defendant Randy Abney (Dkt. #84), while the second motion asked to dismiss
12 without prejudice the claims against all Defendants. (Dkt. #95). In both motions,
13 Jayne also requested that the Court stay the statute of limitations until Jayne is
14 released from prison. In his subsequent filings, however, Jayne seemed to indicate
15 that he wished to withdraw the motions to dismiss. (*See* Dkt. #102 at 1). Accordingly,
16 Jayne's motions to dismiss (Dkts. #84 & 95) are **denied as moot**.

17 If the Court misunderstood Jayne's intentions, Jayne may renew his motions to
18 dismiss. Jayne should be aware, however, that the Court is very unlikely to stay the
19 statute of limitations. Therefore, if Jayne renews his motion to dismiss one or all
20 Defendants, he should indicate whether he would want to dismiss Defendant(s) if the
21 Court denies his request to toll the statute of limitations.

22 **III.  Jayne's Motion to Compel Discovery of Randy Abney's Handwritten**
23 **Statement (Dkt. #104)**

24 On February 28, 2011, Jayne filed a motion to compel discovery of a
25 handwritten statement by Randy Abney, which Jayne asserts is material to one of his
26 claims. (Dkt. #104). In opposing Jayne's motion, Defendants argue that "[t]here is
27 not, and never has been, a handwritten report such as plaintiff describes." (Dkt. #105
28 at 7). But Defendants have not sufficiently substantiated this assertion. Although

1  Jose Gonzales submitted a declaration averring that the "internal affairs file . . . does
2  not contain and has never contained handwritten reports from Mr. Abney" (Gonzales
3  Decl. at 2), the declaration says nothing about whether the statement is located
4  elsewhere.  Thus, the Gonzales declaration is insufficient to prove that Defendants
5  cannot produce Randy Abney's handwritten statement.

6  In light of the foregoing, Jayne's motion to compel (Dkt. #104) is **granted**, and
7  no later than **April 15, 2011**, Defendants shall either produce Randy Abney's
8  handwritten statement to Jayne or submit evidence to demonstrate that they are unable
9  to produce any such handwritten statement.

10  **Accordingly, IT IS HEREBY ORDERED**:

11  (1) Jayne's requests for an extension of time to respond to Defendants' motions
12  for summary judgment (Dkts. #98, 102 & 109) are **granted**.  Jayne shall respond to
13  Defendants' motions for summary judgment no later than **May 20, 2011.**  The Court
14  is extremely unlikely to grant future extensions of this deadline.

15  (2)   Jayne's motions to dismiss Defendants and stay the statute of limitations
16  (Dkts. #84 & 95) are **denied as moot.**

17  (3) Jayne's Motion to Compel Discovery of Randy Abney's Handwritten
18  Statement (Dkt. #104) is **granted**.  No later than **April 15, 2011**, Defendants shall
19  either produce Randy Abney's handwritten statement to Jayne or submit sufficient
20  evidence to the Court demonstrating why they cannot do so.

21  DATED this 1st day of April, 2011.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation