IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TOM BOSENKO, *et al.*,<br><br>　　　　Defendants. | Case No. 2:08-cv-2767-MSB<br><br><br>**ORDER** |

　　　Michael Aaron Jayne, who is confined in the Shasta County Jail in Redding, California, filed a *pro se* complaint under 42 U.S.C. § 1983. (Dkt. # 1). Jayne alleges that Shasta County Defendants have engaged in "an active conspiracy to violate [his] civil rights and to harass and torture" him while he was housed at the Shasta County Jail as a pretrial detainee. (*Id.* at 3). Jayne requested, pursuant to discovery, a copy of the jail's Training Manual "in its entirety." (Dkt. # 58 at 3). After the Shasta County Defendants refused to turn over the Training Manual, Jayne filed a motion to compel. Defendants object to disclosing the Training Manual, asserting it would undermine jail security. (Dkt. # 63 "VanBuskirk Decl."). On November 24, 2010, the Court ordered Shasta County Defendants to submit a copy of the jail's Training Manual to the Court for *in camera* review. (Dkt. #81). Having conducted that review, Jayne's motion to compel is GRANTED in part and DENIED in part.

## II. Standard of Review

The scope of discovery is broad. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and, for good cause, the Court may "order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). Discovery requests need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Moreover, "[b]road discretion is vested in the trial court to permit or deny discovery . . . ." *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996).

## III. Discussion

Defendants object to disclosing the Training Manual, asserting three reasons why the Court should withhold the entire Training Manual, or at least portions of it, from discovery. First, Defendants argue that providing Jayne with the entire Training Manual is unnecessary because it is irrelevant to Jayne's claims. (VanBuskirk Decl. at 3). Second, Defendants assert that providing Jayne with a copy of the Training Manual will encourage him to "continually challenge" the jail's correctional officers, and perhaps give Jayne the "mis-impression" that he has the right to disobey authority. (*Id.* at 2). Third, Defendants claim that disclosing the Training Manual, which contains information regarding jail security, will pose a security risk. (*Id.* at 3). These arguments will be addressed in turn.

Although Defendants doubt the entire Training Manual is "relevant" or "necessary" to Jayne's pending lawsuit (VanBuskirk Decl. at 3), this is not the standard for discovery. *See* FED. R. CIV. P. 26(b)(1). Jayne may request documents "reasonably calculated to lead to the discovery of admissible evidence." *Id.* In other words, even if the Training Manual itself is not admissible evidence, Jayne may request it through discovery if it is "reasonably calculated to lead to the discovery" of other evidence that would be admissible. *Id.* Defendants' argument

1  that the Training Manual is not "relevant" or "necessary" fails to address the
2  correct standard.
3      Defendants' assertion that providing Jayne with a copy of the Training
4  Manual will encourage him to disobey authority is not a legitimate reason to
5  withhold it from discovery. The Training Manual contains information regarding
6  inmates' rights and the minimum standards of treatment which must be afforded to
7  them. There is no reason to assume that this information would give an inmate the
8  "false impression of his rights and his obligations to comply with jail rules . . . ."
9  (VanBuskirk Decl. at 2). Such speculation is insufficient to deny Jayne's
10 discovery request.
11     The Court has reviewed the Training Manual *in camera* to ascertain what
12 parts of it, if any, meet the Rule 26(b)(1) standard, and is inclined to believe that
13 the following pages are discoverable under that standard: pages 4–5 of Section 1;
14 pages 18–20 of Section 2; pages 44–45 of Section 3; pages 62 and 69–72 of
15 Section 4; and Sections 8 and 9 in their entirety. Sections 8 and 9 contain
16 information that is otherwise publicly available, and therefore the Defendants are
17 ordered to produce Sections 8 and 9 to Jayne within 5 business days.
18     On the other hand, the Court is cognizant of the possibility that disclosing
19 the remaining pages recited above *could* pose a risk to jail security. Unfortunately,
20 the security concerns expressed by Defendants in opposing Jayne's motion are too
21 vague and conclusory to aid the Court in making that determination. Therefore,
22 within 10 business days, the Defendants shall **either**: (a) produce to Jayne pages
23 4–5 of Section 1; pages 18–20 of Section 2; pages 44–45 of Section 3; and pages
24 62 and 69–72 of Section 4; **or** (b) articulate for the Court (in an *in camera* filing, if
25 necessary) particular reasons why disclosing each of aforementioned pages would
26 constitute a security risk.
27     It is so ordered.
28

1 | DATED this 1st day of April, 2011.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation

- 4 -