IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE,<br><br>    Plaintiff,<br><br>vs.<br><br>TOM BOSENKO, et al.,<br><br>    Defendants. | Case No. 2:08-cv-02767-MSB<br><br>**ORDER RESOLVING VARIOUS MOTIONS (Dkts. #59, 66, 69, 70, 83, 96, 120, and 127)** |

    In November 2008, Plaintiff Michael Aaron Jayne ("Jayne") filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 regarding conditions of his confinement in Shasta County Jail from fall 2007 through late 2008. (Dkt. #1.) Tom Bosenko, Eric Anderson, Donald Van Buskirk, Sheila Ashmun, Carl Champagne, Jose Gonzalez, Steven Heyde, Randy Joiner, Rene Meek Estill, Matthew Mitchell, Jesse Penland, and Stan Johnson ("Defendants") moved for summary judgment on Jayne's § 1983 claims. The Court has issued a separate order addressing Defendants' motions for summary judgment. This order considers the remaining pending motions.

## I. Jayne's Motions for Temporary Injunctive Relief (Dkts. #59, 66, 70, 83)

On September 17, 2010, Jayne filed a motion requesting the return of soft-soled shoes taken from him under Van Buskirk's orders, allegedly as retaliation.[1] (Dkt. #59 at 3.) He also sought the removal of a prisoner put into a neighboring cell who, according to Jayne, was a sexual predator and subjected him to persistent harassment. (Dkt. #59 at 2.) On October 19, 2010 and October 28, 2010, Jayne filed two additional motions requesting an injunction[2] against several of the Defendants, all of whom were personnel at Shasta County Jail, to prevent them from intimidating and retaliating against Jayne in violation of his rights. (Dkts. #66, 70.) His allegations included waking him up in the middle of the night, denying him family visitation, harassing searches of his jail cell, inadequate food, and interference with his ability to pursue legal remedies for his claims. (Dkt. #66 at 2-4; Dkt. #70 at 2-4.) Finally, on November 29, 2010, Jayne moved for an injunction requiring several of the Defendants to provide him with television or radio because he was being subjected to "sensory deprivation"; to allow him one hour of exercise per day in spite of a disciplinary sanction allowing him only thirty minutes every other day; to provide him with warmer clothing so he could go outside during his exercise time; and to furnish him with a softer mattress because of his severe back pain. (Dkt. #83.)

Jayne was transferred out of Shasta County Jail and into Snake River Correctional Facility, a state prison, in July 2011. (Dkt. #125).[3] Because Jayne's

---

[1] The Court previously denied other relief that Jayne sought in this motion. (Dkt. #82.)

[2] Although Jayne titles the motion a restraining order, he is essentially seeking injunctive relief. (Dkt. #70.)

[3] Jayne has since been transferred to several other facilities, but has not returned to Shasta County Jail. (Dkts. #126, 130, 133, 135.)

2

1  requests were rendered moot by his transfer out of the jail, *see Alvarez v. Hill*, 667
2  F.3d 1061, 1064 (9th Cir. 2012), these motions are denied.

3  **II.     Abney's Motion for Reconsideration (Dkt. #120)**

4  On April 13, 2011, Randy Abney ("Abney") moved for this Court to
5  reconsider its denial of Jayne's motion to dismiss Abney as a defendant from
6  Jayne's § 1983 suit. (Dkt. #120.) The Court previously denied Jayne's motion to
7  dismiss Abney, (Dkt. #84), as moot because Jayne filed a motion entitled "Plaintiffs
8  [sic] Withdraw Voluntary Motion to Dismiss and Second Motion for 60-Day
9  Continuance to Reply to Defendants' Summary Judgment Motion," (Dkt. #102),
10 and the Court interpreted the motion to mean that Jayne did not intend to dismiss
11 either Abney or any of the other defendants. (Dkt. #111.) Abney points to several
12 places within Jayne's subsequent papers that suggest Jayne did not intend to
13 withdraw his voluntary dismissal of Abney, including a statement by Jayne that he
14 had "dismissed defendant Randy Abney," (Dkt. #102 at 3), and Jayne's
15 abandonment of all claims save for those relating to the disciplinary loaf diet and
16 the attorney-client phone call interception in his opposition to the summary
17 judgment motion, (Dkt. #114). (Dkt. #120 at 3, 4.) Jayne has not opposed Abney's
18 motion for reconsideration.

19 The Court has the right to "reconsider, rescind, or modify an interlocutory
20 order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v.*
21 *Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001). In light of Jayne's
22 subsequent papers in which Jayne has not indicated that Abney is involved in the
23 claim regarding attorney-client phone calls or the claim regarding his disciplinary
24 diet, and Jayne's non-opposition to Abney's motion for reconsideration, the Court
25 finds good reason to reconsider its previous order and will grant Jayne's previous
26 motion to voluntarily dismiss claims against Abney.

27 In his original motion, Jayne asked the Court to toll the statute of limitations
28 for his § 1983 suit against Abney until he was released from prison. (Dkt. #84 at 2.)

In the Court's previous order, the Court warned Jayne that it was unlikely to do so, if Jayne were to renew his motion to dismiss Abney. (Dkt. #111 at 2). Because Jayne has not presented any legal basis for tolling the statute of limitations, the Court denies this request.

For the foregoing reasons, Abney's motion for reconsideration is granted (Dkt. #120), and Jayne's motion to dismiss Abney without prejudice is also granted (Dkt. #84).

### III. Abney's Motion to Compel Plaintiff's Responses to Request for Production of Documents (Dkt. #69) and Motion to Vacate Dispositive Motion Deadline (Dkt. #96)

On October 22, 2010, Abney moved to compel Jayne to respond to Abney's request for documents regarding Jayne's claims against him and requested an award of $542.50 in attorney's fees as a sanction for Jayne's failure to provide discovery. (Dkt. #69.) Because the Court has reconsidered its denial of Jayne's motion to dismiss Abney and has granted that motion, Abney's motion to compel discovery is moot. As to the request for attorney's fees, Abney is entitled to a sanction against Jayne only if the motion is granted and if an award would not be unjust. *See* Fed. R. Civ. P. 37(a)(5). Regardless of whether denial on mootness grounds takes Abney's request out of Rule 37(a)(5), Jayne's status as a prisoner proceeding *in forma pauperis* renders any sanction against Jayne unjust. *See Jefferson v. Weaver*, No. CIV S-10-0340-MCE CMK-P, 2011 WL 4591218, at *2 (E.D. Cal. Sept. 30, 2011). Abney's motion to compel and his request for attorney's fees are therefore denied.

On January 26, 2011, Abney moved to vacate the deadline for his dispositive motion. (Dkt. #96). Because the claims against Abney are dismissed, this motion is denied as moot.

### IV. Defendants' Motion to Remove Case from Stayed Status (Dkt. #127)

Defendants move to remove this case from "Stayed" status. (Dkt. #127.) Defendants report that at the time of their motion, the electronic case management system showed that this case was stayed on April 4, 2011 as a result of the Court's

4

Order in Docket No. 111, but that the Court did not stay the case in that Order. At the present time, however, the system does not appear to show the case in "Stayed" status. Accordingly, the motion is denied as moot.

**Accordingly,**

**IT IS HEREBY ORDERED THAT:**

(1) Jayne's Motions for Temporary Injunctive Relief are **denied** as moot (Dkts. #59, 66, 70, 83).

(2) Abney's Motion for Reconsideration is **granted** (Dkt. #120) and Jayne's earlier motion to voluntarily dismiss his claims against Abney is **granted** (Dkt. #84). Jayne's claims against Abney are dismissed without prejudice.

(3) Abney's Motion to Compel and Request for Attorney's Fees pursuant to Federal Rules of Civil Procedure 37(a)(5) are **denied** (Dkt. #69).

(4) Abney's Motion to Vacate the Dispositive Motion Deadline is **denied** as moot (Dkt. #96).

(5) Defendants' Motion to Remove the Case from Stayed Status is **denied** as moot (Dkt. #127).

DATED this 19th day of June, 2014.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation