UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE,<br><br>        Plaintiff,<br><br>   v.<br><br>TOM BOSENKO, et al.,<br><br>        Defendants. | No. 2:08-cv-2767-TLN-EFB P<br><br><br>ORDER APPOINTING COUNSEL |

Plaintiff is a federal prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983 concerning events that occurred while plaintiff was a pretrial detainee at Shasta County Jail in Redding, California. Two competing motions for appointment of counsel have been filed by plaintiff or on his behalf. ECF Nos. 165, 166. The court will grant the most recent motion and order the appointment of Carter C. White and the King Hall Civil Rights Clinic to represent plaintiff in this matter.[1]

**I.    Background**

This action currently proceeds on plaintiff's claims that: (1) defendant Ashmun violated plaintiff's due process rights by placing him on a disciplinary diet for 92 days as punishment and

---

[1] A motion for an order compelling defendants to re-serve discovery on plaintiff prior to the July 18, 2014 settlement conference also remains pending on the docket. ECF No. 146. As that conference has occurred, the motion is denied as moot.

1

(2) defendants Heyde, Joiner, and Penland violated plaintiff's rights under the Fourth Amendment by recording or listening to recordings of telephone communications between plaintiff and his criminal defense attorney. ECF No. 138. In August 2014, the court ordered plaintiff to file a pretrial statement. ECF No. 153. None has yet been filed. (Defendants' pretrial statement is due 30 days after plaintiff's is filed.). On November 24, 2014, attorney Kevin Little, of Fresno California, filed a single page form proposed order for his substitution as plaintiff's attorney. ECF No. 165. The document purports to be electronically signed by plaintiff and Mr. Little. While the face of that proposed substitution suggests that Mr. Little is appearing as retained counsel for the plaintiff, Mr. Little also sent an email to the court stating that he was applying to be appointed as counsel for plaintiff pursuant to General Order 230.[2] That email contained an application for appointment and authorization for payment or reimbursement of expenses along with a request that the application be filed under seal. As discussed below, the sealing request fails to comply with the court's Local Rule ("L.R.") 141.

A second and competing request for appointment was filed on January 5, 2015. This request for filed by plaintiff, in pro se, and bears his handwritten signature. ECF No. 166. Appended to that motion is the declaration of attorney Carter C. White, director of the Civil Rights Clinic at the University of California, Davis, King Hall School of Law. ECF No. 166-1. Mr. White declares that the clinic has been investigating plaintiff's claims in this action, that he has conducted a two-hour in-person interview with plaintiff at his place of incarceration in Arizona, and that the Clinic seeks appointment as plaintiff's attorney in this matter. *Id.* Mr. White attests that the case involves complex legal issues and factual scenarios and that "[t]he claims are strong both factually and legally in terms of liability and damages." ECF No. 166-1 at 2. Plaintiff's motion contains a legal argument to justify the appointment of Mr. White and the King Hall Clinic. It does not mention Mr. Little.

/////

/////

---

[2] General Order 230 adopted a procedure for appointment of counsel in section 1983 cases.

**II.     Analysis**

    **a.  Mr. Little's Filing**

Documents filed in civil cases are presumed to be available to the public. *EEOC v. Erection Co.,* 900 F.2d 168, 170 (9th Cir. 1990); see also *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir.2003). Thus, Mr. Little's request to seal documents must be justified by compelling reasons that are sufficient to outweigh the public's right of access. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990). In evaluating a request to seal documents, the court must consider "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Valley Broadcasting Co. v. U.S. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986).

This court's local rules provide the process a party must adhere to in seeking to have documents filed under seal. E.D. Cal. Local Rule ("L.R.") 141. Importantly, the party must file on the public docket a Notice of Request to Seal Documents. L.R. 141(a). Concurrently, the party must submit a Request to Seal Documents addressing the specific pages of the documents sought to be sealed, the information contained therein, and an explanation for why the information should not be public. L.R. 141(b). This request must also be served on the opposing party unless it would be clearly inappropriate to do so, such as pre-indictment criminal matters. *Id.* The request must set forth the authority for sealing among other information. *Id.*

Mr. Little has filed no Notice of Request to Seal Documents, it does not appear that he has served the request on defense counsel, and he has provided no authority or other justification, much less "compelling reasons," for the sealing of the motion for appointment of counsel. For those reasons, the request to seal is denied. However, with the denial of the sealing request, the Local Rule contemplates that rather than directing the filing of the subject documents they are to be returned "to the submitting party. . . ." L.R. 141(e)(1). This permits the submitting party the opportunity to decide whether to file the documents with the knowledge that they will be publically available or to continue to protect any confidentiality as to the documents and not rely

on them in the litigation. Here, the documents were not submitted in paper medium but were emailed instead. Thus, physical return of paper documents is unnecessary. Nonetheless, the procedure contemplated by the rule is that if the request for a sealing order is denied the subject documents will not be filed and the submitting party may withdraw the request to file them. Accordingly, the application for appointment submitted by attorney Little will not be filed in this case and it will be disregarded.

### b. Plaintiff's Motion for Appointment of Counsel

In his pro se motion for appointment of counsel (ECF No. 166), plaintiff argues that counsel should be appointed for him because he is indigent, the case involves complex legal issues, and plaintiff's claims are strong on the merits. Mr. White echoes those arguments in the attached declaration. ECF No. 166-1. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors along with plaintiff's arguments and the record in this case, the undersigned concludes that the appointment of counsel is warranted and will appoint Mr. White and the King Hall Clinic.

**III.   Order**

For the foregoing reasons, it is hereby ORDERED that:

1. The Clerk of the Court is directed to strike attorney Kevin Little's proposed substitution of attorney, ECF No. 165. Mr. Little's off-the-record motion for appointment of counsel is disregarded, and his request to file documents under seal is denied.

2. Plaintiff's January 5, 2015 motion for appointment of counsel is granted.

4

3. Carter C. White is appointed as attorney for plaintiff.

4. The Clerk of the Court is directed to serve a copy of this order upon Carter C. White, King Hall Civil Rights Clinic, One Shields Avenue, Building TB-30, Davis, California, 95616, ccwhite@ucdavis.edu.

5. Within thirty (30) days of the date of service of this order, plaintiff shall file his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial, or request an extension of time for doing so. The currently-pending motion for subpoenas and witness list for trial filed by plaintiff (ECF No. 157) is denied without prejudice to its renewal concurrently with the pretrial statement.

6. Plaintiff's motion for an order compelling defendants to re-serve discovery, ECF No. 146, is denied as moot.

7. Defendants shall file a pretrial statement not later than 30 days after the filing of plaintiff's statement.

So ordered.

DATED: January 14, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE