UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOM BOSENKO, et al.,<br><br>　　　　　Defendants. | No. 2:08-cv-2767-TLN-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a federal prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983. He requests reconsideration of the court's order granting summary judgment to defendants Captain VanBuskirk and Sheriff Bosenko. He also moves to modify the scheduling order. For the reasons that follow, it is recommended that the motion for reconsideration be granted and the motion to modify the scheduling order be denied.

**I.　　Motion for Reconsideration**

　　　　This action arises from incidents that occurred while plaintiff was a pretrial detainee at Shasta County Jail. Following the court's June 19, 2014 order granting in part and denying in part defendants' motion for summary judgment (ECF No. 138), the remaining claims are that defendant Ashmun violated plaintiff's due process rights by placing him on a disciplinary diet for an extended period of time as punishment, and a claim against other defendants for violating plaintiff's rights by listening to recordings of telephone communications between plaintiff and his criminal defense attorney. Included in that order was a grant of summary judgment to defendants

1

VanBuskirk and Bosenko on plaintiff's claims regarding the disciplinary diet.  Of significance here is the conclusion in that order that because there was no evidence that either individual was "directly involved" in the decision to administer the diet to plaintiff, summary judgment should be granted to each.  *See* ECF No. 138 at 13-14.  Plaintiff now moves for reconsideration of that conclusion, citing evidence developed in subsequent discovery supporting the claim that both VanBuskirk and Bosenko were directly involved.

Orders that adjudicate the rights and liabilities of fewer than all the parties may be revised at any time before the entry of a judgment. Fed. R. Civ. P. 54(b).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

On April 15, 2015, this court reopened discovery on the disciplinary diet issue.  ECF No. 180.  The recent discovery allowed plaintiff to obtain new evidence regarding the direct involvement of Captain VanBuskirk and Sheriff Bosenko in the decision to administer the disciplinary loaf diet to plaintiff.  *See, e.g.,* ECF No. 191-1, Ashmun Dep. at 97:12-15 (testifying that VanBuskirk was "very" involved in the decision to administer the disciplinary loaf to plaintiff); ECF No 191-1, Flores' Dep., Ex. 3 (noting that Ashmun "cleared everything (including Sheriff) before invoking Discipline Diet."); ECF No. 195-1, Flores' Dep. at 57-58 (explaining that the Sheriff's Office, including the Captain and the Sheriff, repeatedly put plaintiff on the disciplinary diet to improve plaintiff's behavior, and confirming that Sheriff Bosenko was involved in the decision-making process).  This information was not presented at the time of defendants' motion for summary judgment because it was not known to plaintiff at the time he filed his opposition to defendants' motion.  Indeed, it plainly conflicts with the sworn statement that Bosenko submitted in support of his motion for summary judgment.  *See* ECF No. 97-6, ¶ 3

(claiming he "had no personal involvement" in the order to serve plaintiff with a disciplinary loaf). Reconsideration is appropriate in light of this newly discovered evidence. Moreover, reinstatement of defendants VanBuskirk and Bosenko will prevent the manifest injustice that could result if defendant Ashmun testifies as trial that she is not liable because she was merely following the orders of one or both of these supervisory defendants. Accordingly, it is recommended that plaintiff's motion for reconsideration be granted, and that plaintiff's disciplinary diet claims against defendants VanBuskirk and Bosenko be reinstated.

## II. Motion to Modify the Scheduling Order

Plaintiff moves to modify the scheduling order to allow him (1) to file a motion for partial summary judgment on liability, and (2) to designate an expert psychiatrist or psychologist as a damages expert. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Pursuant to the scheduling and discovery order, plaintiff was required to designate any expert witnesses by September 27, 2010, and to file any dispositive motion by January 28, 2011. ECF No. 42. On April 15, 2015, the court granted plaintiff's motion for leave to allow the late designation of an expert witness on the issue of liability. ECF No. 180. Plaintiff did not seek leave to designate a damages expert at that time. He claims his delay in this regard was in an effort "[t]o avoid prematurely . . . incurring unnecessary costs . . . ." ECF No. 191 at 8. This delay, however, is not justified. Any need for a damages expert could and should have been assessed at the same time plaintiff sought leave to designate an expert on liability. Good cause does not exist to further modify the deadline for designation of expert witnesses.

As for the request to file a late dispositive motion, plaintiff essentially argues that he could not have filed the motion any sooner because he is a prisoner who only recently obtained counsel. *See* ECF No. 191. However, neither plaintiff's prior pro se status as a prisoner nor the appointment of counsel on his behalf, constitutes good cause to amend the scheduling order.
/////

1  Further, even assuming some basis for a good cause finding, it appears that the proposed motion
2  for partial summary judgment would be futile in any event.  As the very thorough order on
3  summary judgment demonstrates (ECF No. 138), there remain disputed issues of material fact
4  that the proposed motion cannot resolve.  The court emphasized this point at the April 15, 2015
5  hearing on plaintiff's initial motion for leave to file a late dispositive motion (ECF No. 172).
6  Instead of denying the motion with prejudice, the court adopted a cautious approach and denied
7  the motion without prejudice because of the chance that the reopening of discovery could reveal
8  information sufficient to demonstrate the absence of a genuine dispute for trial.  *See* ECF No.
9  180.  While the newly developed discovery warrants reconsideration of the summary judgment in
10 favor of VanBuskirk and Bosenko, the new information presented by plaintiff has not shown the
11 absence of a genuine dispute for trial.
12      For these reasons, plaintiff's motion to modify the scheduling order should be denied.

### III.   Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for reconsideration (ECF No. 191) be granted and that defendants VanBuskirk and Bosenko be reinstated; and
2. Plaintiff's motion to modify the scheduling order (ECF No. 191) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 26, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE